IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**RYAN MCNEAL, Individually and on Behalf of**        **PLAINTIFF**
**All Others Similarly Situated**

vs.                             No. 6:16-cv-1118

**MARKUM ENTERPRISES, LLC, d/b/a**
**FLOOR REMOVAL KING and**
**FLOOD OUT RESTORATION;**
**MCWHINEY & MARKUM, LLC, d/b/a**
**FLOOR REMOVAL KING and**
**FLOOT OUT RESTORATION; and**
**WESLEY G. MARKUM, Individually and as an**
**Officer of Markum Enterprises, LLC, and**
**McWhiney & Markum, LLC**                      **DEFENDANTS**

## ORIGINAL COMPLAINT–COLLECTIVE ACTION

COMES NOW Plaintiff Ryan McNeal, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint–Collective Action ("Complaint"), against Markum Enterprises, LLC ("Markum Enterprises") d/b/a Floor Removal King and Flood Out Restoration; McWhiney & Markum, LLC ("McWhiney") d/b/a Floor Removal King and Flood Out Restoration; and Wesley G. Markum ("Markum"), individually and as an Officer of Markum Enterprises and McWhiney (hereinafter collectively "Defendants"), does hereby state and allege as follows:

## I.     PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants.

2. The proposed Section 216 class is composed entirely of employees of Defendants, who, during the applicable time period, work/worked for Defendant and are/were denied their fundamental rights under applicable federal wage and hour laws.

3. The proposed Section 216 class will seek recovery of monetary damages for all overtime worked by Plaintiff and the putative class members.

4. Plaintiff, both individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.     JURISDICTION AND VENUE

6.     The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7.     The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Tyler Division of the Eastern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     PARTIES

8.     Plaintiff Ryan McNeal ("McNeal") is resident and citizen of Gregg County, Texas.

9.     Markum Enterprises is a Texas limited liability company.

10.     Markum Enterprises operates a flooring removal company and a disaster restoration company at 906 Delia Drive, Longview, Texas 75601.

11.     Markum Enterprises maintains a series of website pages found at http://floodoutrestoration.com and http://floorremovalking.com.

12.     During the relevant time, Markum Enterprises hired "general laborers," including McNeal and others similarly situated, to perform flooring removal and disaster restoration services.

13.     During the relevant time, Markum Enterprises had at least some employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, including,

but not limited to, items such as flooring; lighting; furniture; technology such as computers, wireless internet routers, or websites; credit cards, debit cards, and other forms of payment; and other goods typically used in the operation of a flooring removal and disaster restoration company.

14. During the relevant time, Markum Enterprises' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each calendar year.

15. During the relevant time, Markum Enterprises continuously employed at least ten individuals, including McNeal and others similarly situated.

16. McWhiney is a Texas limited liability company.

17. McWhiney operates a flooring removal company and a disaster restoration company at 906 Delia Drive, Longview, Texas.

18. McWhiney maintains a series of website pages found at http://floodoutrestoration.com and http://floorremovalking.com.

19. During the relevant time, McWhiney hired "general laborers," including McNeal and others similarly situated, to perform flooring removal and disaster restoration services.

20. During the relevant time, McWhiney had at least some employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, including, but not limited to, items such as flooring; lighting; furniture; technology such as computers, wireless internet routers, or websites; credit cards, debit cards, and

other forms of payment; and other goods typically used in the operation of a flooring removal and disaster restoration company.

21. During the relevant time, McWhiney's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each calendar year.

22. During the relevant time, McWhiney continuously employed at least ten individuals, including McNeal and others similarly situated.

23. Markum Enterprises and McWhiney operate as a single enterprise in that they share employees such as receptionists and general laborers.

24. Markum is an individual who resides in the State of Texas.

25. Markum serves as the registered agent for Markum Enterprises and McWhiney, and he keeps an address at 906 Delia Drive, Longview, Texas 75601.

26. Markum is a principal and/or director and/or officer of Markum Enterprises.

27. Markum is a principal and/or director and/or officer of McWhiney.

28. Upon information and belief, Markum manages and controls the operation of Markum Enterprises and dictates the employment policies of Markum Enterprises, including but not limited to the decision to classify general laborers as independent contractors.

29. Upon information and belief, Markum manages and controls the operation of McWhiney and dictates the employment policies of McWhiney,

including but not limited to the decision to classify general laborers as independent contractors.

30. Upon information and belief, Markum owns all or part of Markum Enterprises.

31. Upon information and belief, Markum owns all or part of McWhiney.

## IV. FACTUAL ALLEGATIONS

32. McNeal repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

33. During the relevant time, McNeal performed flooring removal and disaster restoration services on behalf of Defendants.

34. McNeal worked for Defendants during a period beginning on or around February of 2016 and is presently still working for Defendants.

35. McNeal has not financially invested in the company.

36. McNeal does not share in the profits or losses of the company.

37. McNeal has no control over his work environment. Defendants, not McNeal, arrange all clients for McNeal.

38. McNeal is required to wear uniforms and rides in trucks owned by Defendants to job sites.

39. Defendants set the rules and have complete control over the clients and manner of work to be performed, and McNeal has to obey these rules or risk loss of his job.

40. During the relevant time, McNeal performed general labor for Defendants' for more than forty hours in at least one workweek.

41. In fact, McNeal worked for Defendants more than forty hours in *many* workweeks during the relevant time.

42. Defendants paid McNeal a regular rate for all hours that he worked.

43. Defendants failed to pay McNeal one and one-half times McNeal's regular rate for all hours worked over forty in a workweek.

44. At all relevant times, Defendants knew or should have known that the FLSA applied to the operation of a flooring removal and disaster restoration services business.

### V.	FLSA COLLECTIVE ACTION ALLEGATIONS

45. McNeal repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

46. McNeal brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who worked as general laborers at Defendants' places of business at any time within the three years prior to the filing of this lawsuit.

47. Defendants employed general laborers other than McNeal who performed flooring removal and disaster restoration services.

48. The general laborers other than McNeal did not financially invest in the company.

49. The general laborers other than McNeal did not share in the profits or losses of the company.

50. Defendants employed general laborers other than McNeal who worked more than forty hours in at least one workweek during the relevant time.

51. Defendants failed to pay one or more general laborers other than McNeal one and one-half times their regular rate for all hours worked over forty in a workweek.

52. General laborers other than McNeal had no control over their work environment. For example, Defendants, not general laborers, arrange all clients for general laborers.

53. Defendants set the rules and have complete control over the clients and manner of work to be performed, and general laborers have to obey these rules or risk loss of their jobs.

54. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants that violated the FLSA, including Defendants' failure to pay general laborers other than McNeal overtime compensation in violation of the FLSA, 29 U.S.C. § 207.

55. Plaintiffs also bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

> **All general laborers (or similar positions)
> employed by Defendant in the past three (3) years.**

56. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least fifty putative class members have worked for Defendant

without appropriate pay, as described herein, throughout the applicable statutory period.

57. In addition, and in the alternative, Plaintiffs bring this action in their individual and personal capacities, separate and apart from the class claims set forth herein.

## VI. FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA)

58. McNeal repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

59. Defendants failed to pay McNeal overtime wages required under the FLSA.

60. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendants are liable to McNeal for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of McNeal's initial complaint, plus periods of equitable tolling.

62. Alternatively, should the Court find that Defendants acted in good faith in failing to pay McNeal as provided by the FLSA, McNeal is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of the FLSA)

63. McNeal repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

64. Defendants failed to pay general laborers other than McNeal overtime wages required under the FLSA.

65. Defendants' conduct and practice, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

66. By reason of the unlawful acts alleged herein, Defendants are liable to general laborers other than McNeal for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ryan McNeal, individually and on behalf of all others similarly situated, respectfully prays as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) That each Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(g) An order directing Defendants to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(h) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**RYAN MCNEAL, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Texas Bar No. 24077858
josh@sanfordlawfirm.com