# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| RYAN McNEAL | § | |
| | § | |
| vs. | § | CIVIL ACTION 6:16cv1118 |
| | § | |
| MARKUM ENTERPRISES, LLC, d/b/a | § | |
| FLOOR REMOVAL KING, d/b/a | § | |
| FLOOD OUT RESTORATION, *et al*. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant McWhiney & Markum, LLC's Motion for Summary Judgment (ECF 56) and Defendants' Motion for Summary Judgment (ECF 57) filed by Markum Enterprises, LLC and Wesley G. Markum. Having considered the pleadings and all of the briefing, the undersigned recommends that both motions be **GRANTED**.

## BACKGROUND

Plaintiff filed this lawsuit on August 22, 2016 seeking to maintain a collective action against Defendants Markum Enterprises, LLC ("Markum Enterprises"), d/b/a Floor Removal King and Flood Out Restoration, McWhiney & Markum, LLC ("McWhiney") and Wesley Markum for alleged violations of the Fair Labor Standards Act ("FLSA"). Plaintiff started working as a laborer removing and replacing flooring and performing disaster repair services in February 2016. The Complaint alleges that Markum Enterprises and McWhiney operate as a single enterprise, such that they share employees. Plaintiff states that McWhiney operates a retail store, Best Carpet One, that sells floor coverings, while Markum Enterprises operates the restoration company functions through Floor Removal King and Flood Out Restoration. According to Plaintiff, Markum

1

Enterprises's restoration companies only install floor covering sold by McWhiney through Best Carpet One.

Plaintiff asserts that he has been employed by all Defendants since February of 2016 as a general laborer and that he has worked in excess of forty hours during many work weeks without receiving overtime compensation. On September 25, 2017, the Court denied Defendant McWhiney & Markum, LLC's Motion to Dismiss (ECF 12). The Court additionally denied Plaintiff's Motion to Certify Class and Motion for Approval and Distribution of Notice for Disclosure of Contact Information, leaving only Plaintiff's individual FLSA claim.

McWhiney filed a Motion for Summary Judgment (ECF 56) asserting that only Markum Enterprises acted as Plaintiff's employer. McWhiney denies that Markum Enterprises and McWhiney are a single enterprise and argues that it has no employment relationship with Plaintiff. McWhiney states that Wesley Markum, the owner of Markum Enterprises, owns a forty-nine percent interest in McWhiney, but he does not have any control over McWhiney's operations or employees' work schedules or conditions, determine the rate or method of payment for McWhiney's employees or maintain employment records for any of McWhiney's employees. McWhiney submits that it works under the name "Best Carpet One," and not "Floor Removal King," or "Flood Out Restoration" as Markum Enterprises does. McWhiney is in the business of selling flooring products while Markum Enterprises is in the business of flooring removal and disaster restoration. McWhiney denies that it shares employees with Markum Enterprises.

Plaintiff filed a response asserting that there are genuine issues of material fact precluding summary judgment regarding whether Defendants constitute a single enterprise for purposes of the FLSA and are liable as joint employers. Plaintiff contends that Wesley Markum "acted in his role as owner of McWhiney & Markum in controlling the terms of conditions of the restoration

company employees to benefit McWhiney & Markum via [Best] Carpet One."[1] He submits that Wesley Markum treated the companies as interconnected, such that they must be viewed as a single enterprise and joint employer.

In its reply, McWhiney objects to paragraphs 10 and 11 of the Second McNeal Declaration submitted with Plaintiff's response as containing speculative and unsubstantiated assertions that were not disclosed in answers to interrogatories. McWhiney further argues that Plaintiff did not respond with any evidence showing that an employer-employee relationship existed between McWhiney and him or that McWhiney and Markum Enterprises operate as a single enterprise.

Defendants Markum Enterprises and Wesley Markum also filed a Motion for Summary Judgment (ECF 57) asserting that they are not employers within the meaning of the FLSA because their gross annual income during the relevant time period was less than $500,000. Defendants additionally submit that Plaintiff was not individually covered by the FLSA. Accordingly, Defendants seek dismissal of the claims against them.

Plaintiff asserts that Markum Enterprises meets the requirements to be a covered entity under the FLSA because it met the financial threshold of $500,000 in 2016 and because employees, including Plaintiff, used tools and floor coverings as part of their work that previously moved in interstate commerce. Plaintiff asserts that there is a genuine issue of material fact concerning whether "the Markum Defendants" are Plaintiff's employers.[2] Plaintiff additionally argues that Markum Enterprises and McWhiney can be combined for purposes of reaching the financial threshold of the FLSA because they operate as a single enterprise. Plaintiff submits that the restoration company functions as a specific arm of Best Carpet One's business because the

---

[1] *See* Response to Defendant McWhiney & Markum, LLC's Motion for Summary Judgment, ECF 64, at *3.
[2] *See* Response to Motion for Summary Judgment Filed by Defendants Markum Enterprises, LLC, and Wesley G. Markum, ECF 61, at *11.

restoration company only installs flooring from Best Carpet One. Plaintiff states that Wesley Markum views Best Carpet One as his business.

Defendants again object to the Second Declaration of Ryan McNeal submitted with Plaintiff's response. Defendants contend that it does not appear to be Ryan McNeal's signature on the document. Additionally, Defendants argue that the document contains statements that are not based on personal knowledge and that are hearsay, speculative and conclusory. Specifically, as a general laborer, Plaintiff does not explain how he would have any knowledge of corporate information, ownership information, customer service plans, marketing practices, practices related to other workers or general practices of the entities. Defendants additionally argue that Plaintiff cannot retroactively apply the year-end gross revenue for 2016 to apply to the first quarter of 2016. Defendants submit that Markum Enterprises first became subject to enterprise coverage under the FLSA in 2017.

Plaintiff's sur-reply does not respond to the assertion that the signature on McNeal's declaration is not his signature. Plaintiff submits that Defendants' other objections are boilerplate and conclusory. Plaintiff disputes Defendants' assertion that FLSA coverage does not apply until the year after the threshold amount is met.

## SUMMARY JUDGMENT STANDARD

The Court may only grant a motion for summary judgment when there is no genuine dispute of material fact and the moving party is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id*. The party seeking summary judgment

always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* All facts and inferences are viewed "in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id.*

## DISCUSSION AND ANALYSIS

Pursuant to the FLSA, non-exempt employees are to receive overtime pay from their employer for work exceeding forty hours in a workweek. 29 U.S.C. § 207(a). Aggrieved employees may bring suit against an employer for a violation of § 207 to recover unpaid overtime compensation. 29 U.S.C. § 216(b). An " '[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The Supreme Court has termed the Act's employer definition 'expansive' and has held that 'managerial responsibilities' and 'substantial control of the terms and conditions of the [employer's] work'

5

create statutory employer status." *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971–72 (5th Cir. 1984) (citing *Falk v. Brennan*, 414 U.S. 190, 195, 94 S.Ct. 427 (1973)).

*Economic Reality Test*

The Fifth Circuit employs an "economic reality test" to determine whether an employer/employee relationship exists, such that economic reality will govern the determination of employer status. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010) and *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990)). The inquiry considers whether the "alleged employee, as a matter of economic reality, is economically dependent upon the business to which [he] renders [his] services." *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 327 (5th Cir. 1993) (citing *Brock v. Mr. W Fireworks, Inc.*, 841 F.2d 1042, 1043 (5th Cir.), *cert. denied*, 484 U.S. 924, 108 S.Ct. 286 (1987)). When considering whether an employer/employee relationship exists, courts should "adhere to the firmly-established guidon that the FLSA must be liberally construed to effectuate Congress' remedial intent." *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983) (citing *Donovan v. Janitorial Services, Inc.*, 672 F.2d 528 (5th Cir. 1982)).

The economic reality test applies four considerations to the determination of employer status, including whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers,* 673 F.3d at 355 (quoting *Williams*, 595 F.3d at 620). Where, as here, a plaintiff alleges that there is more than one employer, the economic reality test is applied to "each individual or entity alleged to be an employer and each must satisfy the four part test." *Id*. (quoting *Graves*, 909

F.3d at 1556). The burden of proof is on the plaintiff to establish that an employer/employee relationship exists. *Id.* at 357.

McWhiney asserts that Plaintiff was a Markum Enterprises employee and McWhiney has no power to hire or fire employees of Markum Enterprises. In support of this assertion, Defendant provided the Declaration of Thomas McWhiney, stating that McWhiney has never employed Plaintiff and that McWhiney's only employees are three full-time sales employees, a warehouse manager, and two part-time clerical employees.[3] The statement is supported by McWhiney's Quarterly Employee Wage Statements[4] and it is consistent with McWhiney's interrogatory responses.[5] Thomas McWhiney also states that McWhiney does not supervise or control Plaintiff's work schedule or the conditions of his employment.[6] McWhiney submits that it did not pay Plaintiff and did not determine his rate of pay.[7] Finally, McWhiney submitted evidence that it does not maintain employee records for Plaintiff.[8]

In his response, Plaintiff argues that Wesley Markum has an ownership interest in McWhiney. McWhiney agrees in its motion and supporting documents that Wesley Markum owns a forty-nine percent interest in McWhiney. The parties are also in agreement that Plaintiff was employed by Markum Enterprises. This evidence, however, does not establish that McWhiney is Plaintiff's employer. Plaintiff additionally asserts that the operation of McWhiney and Markum Enterprises is closely intertwined because Markum Enterprises only shows its customers McWhiney's products. Plaintiff asserts that this relationship impacts the working conditions and the amount of hours Markum Enterprises employees can work because they are dependent upon

---

[3] *See* Defendant McWhiney & Markum, LLC's Motion for Summary Judgment, ECF 56-1, at *3 (McWhiney Exhibit A).
[4] *Id.*, ECF 56-3, at *1–4 (McWhiney Exhibit C).
[5] *Id.*, ECF 56-2, at *3–7 (McWhiney Exhibit B).
[6] *Id.*, ECF 56-1, at *3 (McWhiney Exhibit A).
[7] *Id.*, ECF 56-1, at *4 (McWhiney Exhibit A).
[8] *Id.*, ECF 56-3, at *1–4 (McWhiney Exhibit C).

obtaining flooring from McWhiney. The impact of the commercial relationship alleged by Plaintiff, however, is indirect and tenuous and does not establish control by McWhiney over employee hours and conditions. Additionally, Plaintiff's reliance on out-of-circuit case law for the proposition that a joint employer does not need to have the ability to hire and fire employees, dictate hours or pay them is misplaced and ignores the binding precedent in the Fifth Circuit established in *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012).

Plaintiff did not respond to the motion for summary judgment with evidence showing that McWhiney has the power to hire and fire Markum Enterprises employees, or that McWhiney supervises and controls Markum Enterprises employee work schedules or conditions of employment, determines their rate and method of payment and maintains their employee records. As stated above, when a plaintiff alleges that there are joint employers, the economic reality test is applied to "each individual or entity alleged to be an employer and each must satisfy the four part test." *Gray v. Powers,* 673 F.3d at 355. Applying the economic reality test to McWhiney, Plaintiff did not meet his burden of establishing that McWhiney is his employer. Plaintiff has not shown a genuine issue of material fact precluding summary judgment and judgment should be entered in favor of McWhiney.

*Enterprise Coverage*

Plaintiff additionally alleges that McWhiney and Markum Enterprises operate as a single enterprise. Defendant argues that the single enterprise analysis only applies to determining FLSA coverage and does not establish an employer/employee relationship. In other words, even if Plaintiff shows that McWhiney and Markum Enterprises operate as a single enterprise, such that the FLSA overtime provisions apply, he must separately establish that McWhiney is his employer. In response to the motion for summary judgment, Plaintiff agrees that the determination of whether

there is a single enterprise applies only to whether the FLSA overtime provisions apply.[9] Specifically, Plaintiff asserts that McWhiney and Markum Enterprises operate as a single enterprise so that the financial figures from both entities should be combined to meet the $500,000 threshold of the FLSA, which is the subject of the motion for summary judgment filed by Markum Enterprises and Wesley Markum. Plaintiff does not dispute that he does not have individual coverage under the FLSA.[10]

For the overtime provisions of the FLSA to be applicable, an employee must either personally engage in commerce or in the production of goods for commerce—referred to as individual coverage—or be employed by an enterprise engaged in commerce or the production of goods for commerce—referred to as enterprise coverage. *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992); 29 U.S.C. § 207(a)(1). Here, Plaintiff only asserts enterprise coverage. An "enterprise" is defined as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments by one or more corporate or other organizational units including departments of an establishment operated through leasing agreements." 29 U.S.C. § 203(r)(1).

The burden of proof is on the plaintiff to show that there is FLSA coverage. *See, e.g., D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 120, 66 S.Ct. 925, 931 (1946). Plaintiff asserts both that McWhiney and Markum Enterprises operate as a single enterprise and that, even if the Court determines that they are not, there is enterprise coverage for Markum Enterprises. The determination of whether entities operate as a single enterprise under § 203(r) is a question of law and a plaintiff must show that the entities: "(1) engaged in related activities; (2) were a unified

---

[9] *See* Response to Defendant McWhiney & Markum, LLC's Motion for Summary Judgment, ECF 64, at *12.
[10] *Id*. at *15.

operation or under common control; and (3) shared a common business purpose." *Reich v. Bay, Inc.*, 23 F.3d 110, 114 (5th Cir. 1994). Related activities include those activities that have a reasonable connection with the major business purpose of an enterprise. *Id*. Activities are related for purposes of establishing a single enterprise if they are "the same or similar or when they are auxiliary or service activities such as warehousing, bookkeeping, purchasing, advertising, including, generally, all activities which are necessary to the operation and maintenance of the particular business." *Id*. (citing 29 C.F.R. § 779.206).

The established connection between McWhiney and Markum Enterprises is Wesley Markum. Wesley Markum is the majority owner of Markum Enterprises and he is a minority owner of McWhiney. McWhiney operates Best Carpet One, a franchise retail store located in Marshall, Texas, and Markum Enterprises operates its disaster recovery business in Longview, Texas. Defendants argue the businesses do not share a common business purpose because McWhiney is a retail business while Markum Enterprises is a service business. The businesses file separate tax returns, do not share in profits and do not share employees.

Plaintiff's response alleges that there is an extensive financial entanglement between McWhiney and Markum Enterprises such that they function as a single enterprise. There is no dispute that Wesley Markum has an ownership interest in both companies. As set forth above, however, Plaintiff has not come forward with competent summary judgment evidence establishing that McWhiney and Markum Enterprises were his joint employers. The only summary judgment evidence offered by Plaintiff in support of his single enterprise allegation is his own declaration. In his declaration, Plaintiff states that he heard Wesley Markum refer to Best Carpet One as "his business" and that the restoration business only uses Best Carpet One products. Even if the Court accepts these statements as true over the objections made by Defendants, they do not establish

related activities between McWhiney and Markum Enterprises such as the same or similar warehousing, bookkeeping, purchasing, and advertising. *See Reich v. Bay, Inc*., 23 F.3d at 114.

Further, Plaintiff has not offered evidence to contradict Defendant's evidence that the businesses operate separately with separate employees, profits and taxes and with different business purposes. There has been no showing, for example, that the businesses are held out as a single entity, share office space, share staff or share resources. *See, e.g., Donovan v. Janitorial Services, Inc.*, 672 F.2d at 530. To the extent Plaintiff argues that the businesses are a single enterprise because the restoration business only uses Best Carpet One Products, "[s]imply having a mutually beneficial working relationship does not, alone, create a common business purpose. If this were the standard, virtually all companies that did business together would be deemed a single enterprise for purposes of the FLSA." *Garza v. Deep Down, Inc*., 2015 WL 5883408, at *5 (W.D.Tex. Oct. 8, 2015). At most, Plaintiff has shown that Wesley Markum controls Markum Enterprises and has a minority ownership interest in McWhiney, which is insufficient to establish a single enterprise.

The final issue is whether the FLSA applied to Plaintiff's employer, Markum Enterprises, during his employment. The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1). Plaintiff states that he was employed by Markum Enterprises from February 2016 to August 2016. He submits that he meets the first requirement of an enterprise engaged in

commerce because he handled goods or materials that moved in interstate commerce in the course of his employment. Plaintiff's summary judgment evidence shows that the year-end total deposit for Markum Enterprises in 2015 was $494,957.28 and the year-end total deposit in 2016 was $1,267,486.26. The dispute between the parties centers on whether the year-end total deposit for 2016 applies retroactively to provide FLSA coverage in 2016 or it applies prospectively such that coverage begins in 2017.

The parties do not dispute that Markum Enterprises' 2015 gross volume of sales did not exceed $500,000. Pursuant to 29 C.F.R. § 779.266, an interpretive bulletin from the Secretary of Labor, there is a presumption that there is FLSA coverage in the following year when an employer's business exceeds the dollar volume requirement in any calendar year. *See Donovan v. I-20 Motels, Inc.*, 664 F.2d 957, 958 (5th Cir. 1981) (per curiam). Accordingly, there would be a presumption of meeting the threshold amount in 2017. In a current income tax year, however, the Act will apply when the gross volume of sales exceeds the statutory amount. 29 C.F.R. § 779.266(a). Additionally, pursuant to 29 C.F.R. § 779.268, a one-month grace period applies for an employer to determine its obligations for a current quarter. The grace period gives the employer one month after the end of the preceding quarter to determine its obligations for the next 3-month period. 29 C.F.R. § 779.268.

The documents submitted by Plaintiff purport to show that Markum Enterprises first exceeded $500,000 at the end of June 2016, which was the end of the second quarter.[11] Applying 29 C.F.R. § 779.268, Markum Enterprises would have had until the beginning of August to determine its obligations under the FLSA. Plaintiff, however, does not assert any overtime

---

[11] *See* Plaintiff's Response to Motion for Summary Judgment Filed by Defendants Markum Enterprises, LLC, and Wesley G. Markum, ECF 62, at *4.

allegations for August 2016, which was his last month of employment.[12] Plaintiff has not sustained his burden of showing that the FLSA applies to his employment with Markum Enterprises. Summary Judgment should be granted as to Defendants Markum Enterprises and Wesley Markum.

For the reasons above, Plaintiff has not shown a genuine issue of material fact precluding summary judgment. Defendant McWhiney & Markum, LLC is entitled to judgment as a matter of law as a result of Plaintiff's failure to establish that McWhiney & Markum, LLC was his employer. Defendants Markum Enterprises, LLC and Wesley G. Markum are entitled to judgment as a matter of law as a result of Plaintiff's failure to establish enterprise coverage under the FLSA.

## RECOMMENDATION

It is hereby **RECOMMENDED** that Defendant McWhiney & Markum, LLC's Motion for Summary Judgment (ECF 56) be **GRANTED** and that Defendants' Motion for Summary Judgment (ECF 57) filed by Markum Enterprises, LLC and Wesley G. Markum be **GRANTED**.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on*

---

[12] See Plaintiff's Sur-Reply to Motion for Summary Judgment Filed by Defendants Markum Enterprises, LLC, and Wesley G. Markum, ECF 67-3, at *4.

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 28th day of February, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE